UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Ryan Carruthers,

        Defendant.

Case No. 23-cr-20406
Honorable Judith E. Levy

### First Amended Preliminary Order of Forfeiture

On December 5, 2023, the Court entered a Stipulated Order of Forfeiture against defendant Ryan Carruthers ("defendant") ordering a money judgment against the defendant in the amount of $851,963.00 in United States Currency which constitutes proceeds obtained directly or indirectly as a result of defendant's violation of 18 U.S.C. § 1343 (Wire Fraud) of the Information.

The Stipulated Order of Forfeiture further ordered that any assets the defendant has or may acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2). The United States motioned, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedures and 21 U.S.C. § 853(p) to amend the Stipulated Order of Forfeiture to include the following substitute assets:

- 1965 Pontiac with VIN 262675P294782;
- 2010 Chevrolet Camaro with 2G1FK1EJ6A9119196;

- 2016 International 4000 with VIN 1HTMMMML9GH107015; and
- 2020 Smokercraft pontoon with Hull ID SUN29452B020.

(Hereinafter referred to as the "Subject Property")

On December 5, 2023, the defendant was sentenced before this Honorable Court. On December 8, 2023, judgment was entered which included the imposition of a forfeiture money judgment in the amount of $851,963.00. (ECF 29). The $386,583.00 balance of the forfeiture money judgment remains unpaid.

The aforementioned Subject Property applied as a substitute asset will provide an appropriate and partial satisfaction of the defendant's outstanding forfeiture money judgment.

Based on the government's motion and brief in support to amend the stipulated order of forfeiture, the supporting Affidavit, other information in the record, and pursuant to Federal Rule of Criminal Procedure 32.2(c)(2), the Court finds there is good cause to properly amend the order of forfeiture and grant the government's motion to forfeit the Subject Property as a substitute asset.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that:

1. The Preliminary Order of Forfeiture (ECF No. 28) is amended to allow the forfeiture of said Subject Property as a substitute asset under Rule 32.2(e) and

18 U.S.C. § 853(p).

    2.  Upon entry of this Order, the United States, its designee, the U.S. Customs and Border Protection ("CBP"), Homeland Security Investigations (HIS) and/or the U.S. Marshals Service ("USMS") are authorized, pursuant to Fed.R.Crim.P. 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

    3.    Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.  The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual

3

notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

5. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim.

P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

6. If a third party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

7. All other terms of the Preliminary Order of Forfeiture remain in full force and effect.

8. The Court shall retain jurisdiction to enforce this Order, to amend it, and to amend the Preliminary Order of Forfeiture as necessary pursuant to Federal Rules of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Date: November 17, 2025           s/Judith E. Levy
                                                                JUDITH E. LEVY
                                                                United States District Judge